United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE LUIS MEDINA ALVARADO,<br><br>　　　　Defendant.<br>_____ / | No. CR 01-0419 CRB<br><br>No. C 08-04557 CRB<br><br>**MEMORANDUM AND ORDER DENYING 2255 MOTION TO VACATE SENTENCE** |

　　Now pending before the Court is the motion pursuant to 28 U.S.C. § 2255 of defendant Jose Luis Medina Alvarado to vacate his sentence. Medina Alvarado was convicted of narcotics offenses after a jury trial and ultimately sentenced to 210 months imprisonment. He contends that his trial counsel erroneously advised him that if he went to trial and was convicted he would be sentenced to 10-years' imprisonment. He asserts that if he had known he would likely receive closer to a 20-year sentence he would have pled guilty.

　　The Court ordered the government to respond to Medina Alvarado's motion and for Medina Alvarado's reply, if any, to be filed within 45 days of the filing of the government's response. The government filed its response on December 1, 2008 and more than 45 days has elapsed since that date. As of the date of this Memorandum and Order Medina Alvarado has not filed a response and has not otherwise communicated with the Court. After carefully considering the papers and evidence submitted by the parties, and based on the Court's familiarity with the facts of this case, Medina Alvarado's motion is DENIED.

## BACKGROUND

Jose Luis Medina Alvarado and Moises Rivera were indicted for federal narcotics offenses. A jury convicted both defendants of one count of conspiracy to possess methamphetamine with intent to distribute, and three counts of possession of methamphetamine with intent to distribute. The Probation Office recommended that Medina Alvarado be sentenced to 360 months and the Court ultimately sentenced Medina Alvarado to 210 months. Medina Alvarado's conviction was affirmed on appeal as was his sentence. United States v. Rivera, 137 Fed.Appx. 994 (9th Cir. July 1, 2005) (affirming conviction); United States v. Medina-Alvarado, 221 Fed.Appx. 572 (9th Cir. Feb. 23, 2007) (affirming 210-month sentence imposed following a limited remand under United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005)(en banc)).

Medina Alvarado subsequently filed a timely motion to set aside his sentence. He contends that he received constitutionally ineffective assistance of counsel at trial because his trial counsel advised him that if he went to trial he would be sentenced to 10-years' imprisonment; if he had known he would receive closer to 20 years he would have pled guilty. Medina Alvarado's assertion is consistent with a letter he submitted to the Court in March 2003, shortly before his original sentencing date. In the letter he advised the Court that he "was told by my lawyer that the longest sentence [he] could face was 10 years." Government's Answer to 2255 Motion, Exh. 2 at p. 7. According to Medina Alvarado, he learned about his actual potential sentence when he read the Presentence Report which recommended a 360-month sentence. Id.

In response to Medina Alvarado's motion the government offers the deposition testimony of Medina Alvarado's trial counsel. Counsel denies ever advising Medina Alvarado that he would be sentenced to 10-years' imprisonment after a trial. He testified that his notes reflect that Medina Alvarado's Guidelines sentence was approximately 20 years in custody: 210 to 262 months. Counsel testified further that the most he would have advised Medina Alvarado is that the goal after trial, if convicted, would be to seek a downward

2

1 departure on multiple bases to reduce the sentence to 10 years, but that he would not have
2 advised Medina Alvarado that he would be sentenced to 10 years.

## DISCUSSION

Under 28 U.S.C. section 2255 the petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if it concludes that "the sentence was imposed in violation of the Constitution . . . or is otherwise subject to collateral attack." Further, "unless . . . files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . determine the issues and make findings of fact and conclusions of law with respect thereto." Medina Alvarado claims that his sentence should be vacated because he insisted on going to trial rather than pleading guilty due to his counsel's erroneous advice as to the likely sentence following a conviction after trial.

To demonstrate ineffective assistance of counsel, Medina Alvarado must show (1) that his trial counsel's performance was deficient, and (2) that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Concerning the first prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Hence, "judicial scrutiny of counsel's performance must be highly deferential." Id. To fulfill the second prong, a defendant must show that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 669. Furthermore, "unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.

**A.   Deficient Performance**

The Court cannot resolve the parties' dispute as to what advice trial counsel gave Medina Alvarado without an evidentiary hearing. Evidentiary hearings are especially appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States. v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2001) (quoting United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989)).

//

3

**B.     Prejudice**

Medina Alvarado's motion to vacate must nonetheless be denied because even if, as Medina Alvarado claims, trial counsel advised him that he would be sentenced to 10 years in prison, he has not alleged and cannot allege any facts that would establish prejudice. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994) (explaining that an exception to the requirement of evidentiary hearings for factual disputes in 2255 proceedings exists "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record") (internal citation and quotation marks omitted).

To prove prejudice Medina Alvarado must show that had his counsel advised him that the Sentencing Guideline range was 20 years instead of 10 years he would have pled guilty *and* he would have received a lower sentence. See United States v. Blaylock, 20 F.3d 1458, 1466 (9th Cir. 1994) (to establish prejudice a defendant "must show that in his case there was a reasonable probability that, but for his attorney's deficient performance, the result would have been different"). The undisputed facts prove that Medina Alvarado was not prejudiced.

First, the government did not make any plea offers and, according to Medina Alvarado's trial counsel, Medina Alvarado never seriously considered a guilty plea, never expressed an interest in pleading guilty, and never expressed any interest in cooperating with the government; indeed, counsel testified that Medina Alvarado never admitted guilt to counsel, even after Medina Alvarado consented to an entrapment defense.  In light of this record there is no basis to conclude that Medina Alvarado would have received some sort of deal from the government. Thus, even assuming that Medina Alvarado would have pled guilty had he known he was facing 20-years in prison, the Court finds that the most he could demonstrate is that he would have entered an open plea to all of the counts in the Indictment. This case is thus distinguishable from those in which trial counsel fails to communicate a plea offer to the defendant. See, e.g., Blaylock, 20 F.3d at 1458.

Second, at the initial sentencing the Court calculated Medina Alvarado's adjusted offense level as 36.  Reporter's Transcript, June 4, 2003 at 29-30 (Docket No. 268).  In so doing, the Court decreased Medina Alvarado's offense level by two points for acceptance of

4

responsibility. Id. at 10-11. "The Court finds that upon consideration of all of the evidence bearing on the issue of defendant's contrition the defendant has made the requisite showing." Id. at 10. The Court also refused to apply an enhancement for involving a minor in his crimes. Id. at 9. And the Court found Medina Alvarado's criminal history was overstated and therefore found that he fell within category III rather than category IV. Id. at 29.

If Medina Alvarado had pled guilty in a timely fashion he could have received–at most--three points for acceptance of responsibility rather than two points. See U.S.S.G. § 3E1.1. Thus, at most, Medina Alvarado's decision to go to trial rather than enter an open plea resulted in an adjusted offense level of 36 rather than 35. The Sentencing Guidelines range for an offense level of 36 and criminal history category III is 235 to 293 months. Docket No. 268 at 31. The applicable Guidelines range for an offense level of 35 is 210 to 262 months. The Court actually sentenced Medina Alvarado to 240 months' imprisonment, well within the Guidelines range for an offense level of 35. And the Court reduced Medina Alvarado's sentence to 210 months after the case was remanded to the Court for re-sentencing in light of United States v. Ameline, 403 F.3d 1073 (9th Cir. 2005) (en banc). Reporter's Transcript, February 15, 2006 at 23 (Docket No. 306). The Court explained that 210 months was an appropriate in sentence because of the large quantity of drugs involved in the offenses. Id. at 24. In light of these facts, the Court finds that Medina Alvarado was not prejudiced by going to trial rather than entering a guilty plea; if he had pled guilty he would have received a sentence that is close to if not identical to what he actually received.

## CONCLUSION

For the reasons stated, the motion to vacate is DENIED.

**IT IS SO ORDERED.**

Dated: February 12, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE